The Honorable Ed Wilkinson State Senator Post Office Box 610 Greenwood, Arkansas 72936-0619
Dear Senator Wilkinson:
I am writing in response to your request for an opinion regarding the funding of retirement benefits for an individual who serves as both "City Clerk" and "District Court Clerk" in the city of Barling. Specifically, you relay the following facts and pose the following two questions:
Background
 The City of Barling employs a single individual who performs the function of District Court Clerk 50% of the time and the function of City Clerk 50% of the time. Arkansas Law has provisions for retirement plans for both City Clerks and District Court Clerks.
 Questions
 1. In the aforementioned situation where one person performs two functions, is the City of Barling to fund the individual's District Court retirement account at 50%?
 2. Is the City of Barling to fund the individual's City Clerk retirement at 50% as well? *Page 2 
RESPONSE
Section 16-17-211(f) (Supp. 2007) of the Arkansas Code provides that "[w]here the duties of the office of district court clerk do not require a full-time employee, the city council may require that the duties of the clerk be performed by any other officer of the city." I assume, pursuant to this statute, that the City of Barling has chosen to have one person perform both of the positions described. I am unable to definitively resolve the questions regarding the proper computation and funding of retirement benefits for this individual, however, without more specific facts as to the employment of the individual in question, or his or her specific retirement benefit history. I have set out the relevant law below, which must be applied in light of the particular facts pertaining to this employee. Consultation with officials at the Arkansas Public Employees' Retirement System or "APERS" is advisable.
Question 1 — In the aforementioned situation where one person performstwo functions, is the City of Barling to fund the individual's DistrictCourt retirement account at 50%?
The retirement benefits of district court clerks are discussed at A.C.A §§ 24-11-311;-321; and 24-8-903. Although former law established distinct benefits for municipal or district court clerks, those separate funds were "closed" effective December 31, 2004. Under current law, all municipal court clerks and district court clerks who were members of a municipal judges' retirement fund on December 31, 2004, became members of "APERS" on January 1, 2005. These facts are reflected by the pertinent portions of the following statutes:
A.C.A. § 24-8-311
 (a)(1) Any clerk of a municipal court to which this subchapter applies, appointed by the judges of the court, shall be eligible to receive retirement benefits provided by this subchapter who:
 (A) Attains age sixty (60) and has served in office as clerk for at least ten (10) years; or
 (B) Has served in office for at least twenty (20) years irrespective of age. *Page 3 
 (2) If the clerk resigns, retires from office, or is succeeded in office by another clerk, the clerk shall receive retirement benefits for and during the remainder of his or her natural life in an amount equal to one-half (½) of the salary payable to the clerk at the time of resignation, retirement, or succession in office.
 A.C.A. § 24-8-321
 (a) The municipal judge and clerk retirement funds defined in this subchapter are closed effective December 31, 2004.
 (b) There will be no new members in these funds after December 31, 2004.
 A.C.A. § 24-8-903
 (a) All municipal court clerks and district court clerks who are members of a municipal judge's retirement fund on December 31, 2004, shall become members of the Arkansas Public Employees' Retirement System on January 1, 2005.
 (b) If the local government employing the district court clerk on December 31, 2004, is not a participating employer under the system, then the local government shall become a participating employer under the system for the district court clerk beginning on January 1, 2005.
Although the statutes above represent the applicable law, several missing facts prevent me from opining conclusively on the funding of the employee you describe. As an initial matter, A.C.A. § 24-8-311 applies to clerks who were "appointed by the judges of the court." I do not know whether this language describes the individual you mention. Cf. Op. Att'y Gen. 95-371 (concluding that benefits under A.C.A. § 24-8-311 were not available to a city clerk/treasurer who also served as municipal court clerk, because that statute applies to "clerks who are appointed by the judges of the court"). In addition, I do not have any facts as to how many years of service the individual in question may have to his or her credit in the now closed municipal judges' and clerks' fund, or how many new years of service may have accrued under the "APERS" system. I am thus not in a position to *Page 4 
determine how, or to what extent the City should fund the district court clerk's retirement under the APERS system. In any event, as my predecessors have previously stated, the Attorney General is:
 . . . not authorized to render judgment on any particular individual's eligibility for retirement benefits or the amount of benefits to which any individual is entitled. The determination of any individual's eligibility and the computation of benefits available to any individual depends to a great extent upon the facts of each case and must be decided by the board of the retirement system.
Op. Att'y Gen. 2004-135 at 5. See also, Ops. Att'y Gen. 2004-298; 98-162, and 98-291 ("Determinations of this nature can be crucially affected by the particular facts of a given situation, particularly official decisions that may have been made on the local level"). Consultation with the officials at APERS is therefore advisable on this question.
Question 2 — Is the City of Barling to fund the individual's CityClerk retirement at 50% as well?
As an initial matter, the retirement benefits of city clerks are governed by A.C.A. § 24-12-121, which provides in pertinent part as follows:
 (a)(1) A city clerk or clerk-treasurer in a city of the first class may retire from office for the remainder of his or her life at the retirement pay provided in this section if the person has served as city clerk, clerk-treasurer, or city treasurer for:
 (A) Not less than ten (10) years, upon reaching sixty (60) years of age; or
 (B) Twenty (20) years, without regard to age.
 * * * (b)(1) Any city clerk, city treasurer, or any person serving as city clerk or clerk-treasurer who shall retire or be succeeded by *Page 5 
another city clerk or clerk-treasurer within the provisions of this section shall be paid monthly a sum equal to one-half (½) of the monthly salary received by him or her during the last preceding year of his or her service.
 (2) The retirement pay shall be paid by the city from its general fund account.
 (c)(1) Any city clerk or clerk-treasurer in a city of the first class who has served in another capacity with the same city, and that capacity of service also provides for a retirement plan, may apply all years served in that previous capacity toward the accrual of the vesting period provided for in subsection (a) of this section, if approved by the city council.
 (2) Benefits shall be paid proportionally from the various funds applicable to the respective capacities of service. This shall be based on the length of service in each capacity for the city.
I am uncertain whether the provisions above apply to the particular individual about whom you inquire, because the city in question, the City of Barling, operates under a "city administrator" form of government. Upon adoption of that form of government, A.C.A. § 14-48-106(a)(2)(B), provides that:
 The statutory term of office of the city treasurer, city clerk, city attorney, city marshal, and recorder in cities of the second class shall cease and terminate. The incumbent of each of these offices shall remain in office subject to removal and replacement at any time by the city administrator, with the approval of the board of directors. . . .
This fact presumably explains your reference to the City "employ[ing]" an individual to perform the functions of city clerk, rather than to an elected official serving in that position. I am uncertain when the City of Barling first became a "city administrator" city, or whether the individual in question was serving as "city clerk" when the change in government occurred. It is unclear, in either event, whether the individual in question could be considered the "city clerk" for purposes of the retirement benefits provided "city clerks" under A.C.A. § 24-12-121. It is *Page 6 
therefore uncertain, under the facts, whether the individual you describe is entitled to have any benefits computed or funded in accordance with the provisions of A.C.A. § 24-12-121. Cf. Op. Att'y Gen.2007-067 (opining that an individual's service as "Director of Finance" for a city did not qualify her for benefits under A.C.A. § 24-12-121 and that a "city clerk" for purposes of that statute is "one who serves in the position either by virtue of election or appointment to the position"). Again, the abolition of the statutory term of office of the "city clerk" in a city with the city administrator form of government renders questionable the applicability of A.C.A. § 24-11-121. If this is not the applicable statute, I have not been provided with any facts as to whether the City's employees are covered by the Arkansas Public Employees' Retirement System, such that the individual's benefits would be computed under that System. Again, consultation with officials at "APERS" is advisable.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General